STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROSS WEINGARTEN (NYBN 5236401)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6747
    FAX: (415) 436-7234
    Ross.weingarten@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3: 21-mj-71336 MAG |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| WARREN HERMAN SLOAN, | |
| Defendant. | |

    The defendant was charged by Complaint on August 25, 2021 with one count of Attempt to Distribute and Possess with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C).  The defendant was arrested in the Eastern District of California and brought to the Northern District of California in custody.  He had his initial appearance on the Complaint on September 28, 2021.  A detention hearing before the Honorable Sallie Kim was held on September 30, 2021.

    During the hearing, the defense argued that the defendant should be allowed to live with his sister in Sacramento.  The defense informed the Court that the defendant's sister and her boyfriend have no criminal history and that they would allow the defendant to live there.  The defense argued that the defendant does not present a danger to the community or a risk of flight, and that he would agree to residential drug treatment if the Court ordered him to go there instead of custody.

The government argued that the defendant sold counterfeit fentanyl-laced pills, and continued to sell them even after he learned that the pills caused someone he knew to overdose and die. Furthermore, the government argued the defendant was a flight risk because he fled the Hoopa Indian Reservation, where he lived, to Sacramento when he learned of this investigation. Finally, the government argued that the defendant's sister was not a viable custodian or surety for the defendant because she made a threat to a witness in this case that the witness took very seriously.

Upon consideration of the proffers of the government and the defense, and for the reasons stated on the record, the Court determines that the defendant has not established by clear and convincing evidence that he is not a danger to any other person or to the community. *See* Fed. R. Crim. Proc. 32.1. The Court did not find that the defendant presents a risk of flight.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons. These findings are made without prejudice to defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to Title 18, United States Code, Section 3142(i), IT IS ORDERED THAT:

1. Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: October 1, 2021

_____
THE HON. SALLIE KIM
United States Magistrate Judge